IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE JACKSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DIAGEO NORTH AMERICA, INC.,<br><br>    Defendant. | Case No. 25-cv-05654-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER; DIRECTIONS TO CLERK** |

Before the Court is defendant Diageo North America, Inc.'s ("Diageo") "Motion to Transfer, or in the Alternative, to Stay Proceedings," filed August 28, 2025. Plaintiff Jacqueline Jackson ("Jackson") has filed opposition, to which Diageo has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

Diageo seeks an order transferring or staying the above-titled action (hereinafter, the "California Action") under the "first-to-file rule," in favor of an action pending in the Eastern District of New York, specifically, Pusateri v. Diageo North America, Inc., Case No. 1:25-cv-0282 ("New York Action"). The "first-to-file rule" applies "if a similar case with substantially similar issues and parties was previously filed in another district court." See Kohn Law Group, Inc. v. Auto Parts Manufacturing Mississippi, Inc., 787 F.3d 1237, 1239 (9th Cir. 2015).

Here, as set forth below, the first-to-file rules applies.

At the outset, it is undisputed that the New York Action was filed before the

---

[1] By order filed September 29, 2025, the Court took the matter under submission.

1  California Action, as the New York Action was filed on May 5, 2025, and the California
2  Action was filed on July 4, 2025.
3       Next, each cause of action asserted in the New York Action and in the California
4  Action is based on the allegation that Diageo, whose principal place of business is in New
5  York, sells specified brands of tequila with labels and/or advertising stating the products
6  are "Tequila 100% Agave Azul," "100% Blue Weber Agave," and/or "100% de Agave"
7  (see New York Action, Compl. [Doc. No. 1] ¶¶ 3, 15, 69; California Action, Compl. [Doc.
8  No. 1] ¶¶ 2, 15, 38-39, 43, 56-57), whereas, according to Jackson, the products are
9  "adulterated" with non-agave sugars (see New York Action, Compl. ¶¶ 7, 20-21, 72;
10  California Action, Compl. ¶¶ 4, 56-57).  Although Jackson argues the California Action
11  substantially differs in that the California Action, but not the New York Action, includes a
12  claim alleging a violation of the Racketeer Influenced and Corrupt Organizations Act
13  ("RICO"), the RICO claim is based on the same allegedly false labeling and advertising
14  on which all claims in the New York Action are based.  (See California Action, Compl.
15  ¶¶ 102, 107, 112).  Moreover, although the RICO claim is based on a theory of actual
16  fraud (see id. ¶¶ 102, 109-110, 119), meaning Jackson would have to prove Diageo knew
17  its statements were false when made, the issue of whether Diageo had such knowledge
18  is also presented in some of the state law claims asserted in the New York Action.  (See
19  New York Action, Amended Class Action Complaint [Doc. No 39-2] ¶¶ 70, 169, 180.)
20  Under such circumstances, the Court finds the two actions raise substantially similar
21  issues.
22       Further, each individual in each putative class in the New York Action is a putative
23  member of the nationwide class in the California Action, see Adoma v. University of
24  Phoenix, Inc., 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) (holding, in class action
25  cases, "the classes, and not the class representatives, are compared"), and Diageo is the
26  sole defendant in each action.  Under such circumstances, the Court finds the parties in
27  the two actions are substantially similar.  See id. at 1148 (finding parties substantially
28  similar where the proposed classes in the two actions "seek to represent at least some of

2

the same individuals" and the defendants in the two actions are "identical"); Cadenasso v. Metropolitan Life Ins. Co., 2014 WL 1510853, at *10 (N.D. Cal. April 15, 2014) (finding parties substantially similar where "some of the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters") (internal quotation, citation, and alteration omitted).

Lastly, where, as here, the first-to-file factors are established, a court nonetheless can "dispense with the first-filed principle for reasons of equity," such as where a party is acting in "bad faith," engaging in "forum shopping," or has filed an "anticipatory suit." See Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 628 (9th Cir. 1991). Jackson, in seeking to avoid the first-to-file rule for reasons of equity, does not rely on any of the above-referenced grounds. Rather, Jackson relies on the fact that the claims and putative classes in the two actions are not identical. In other words, Jackson, in essence, repeats her arguments that the issues and parties are not substantially similar, which argument the Court does not find persuasive when repeated in an effort to avoid the first-to-file rule for reasons of equity.

Accordingly, under the first-to-file rule, the California Action will be transferred to the Eastern District of New York.[2]

## CONCLUSION

For the reasons stated, Diageo's motion to transfer is hereby GRANTED.

The Clerk of Court is hereby DIRECTED to transfer the instant action to the Eastern District of New York.

**IT IS SO ORDERED.**

Dated: December 18, 2025

MAXINE M. CHESNEY
United States District Judge

---

[2] In light of this finding, the Court does not consider Diageo's alternative argument that transfer is appropriate for convenience under 28 U.S.C. § 1404(a).

3